means that your time is drawing to a close, so begin to wrap up. If we take you beyond the light, then don't worry about it. Just keep talking to us as long as we have you. And with that, we'll begin with our first case, Glenn Jones v. the Secretary, Department of Corrections. Mr. DeRuzzo. Good morning, Your Honors. May it please the Court, Joseph DeRuzzo on behalf of Glenn Jones, the appellant. In this case, a district court erred in two ways. First, the district court erred in concluding that a Florida rule of criminal procedure, 3800 motion, is not an appropriate mechanism or vehicle to bring a double jeopardy challenge. And second, the district court erred in concluding that the double jeopardy clause was not violated in respect to both the charging document and the verdict form found in this case. Now, let me ask you about the first point that you made. Florida law is of two minds, it seems to me, about how someone in Mr. Jones' position can use a Rule 3800A motion. As I read Florida law, and maybe I'm mistaken about it, but as I read Florida law, you cannot use Rule 33.800A to challenge convictions on a double jeopardy basis, but you can use them to challenge sentences on a double jeopardy basis. Is that your understanding of Florida law, or is it different? My understanding is different. I would point the court to not only the text of 3800A, but two recent decisions from Florida Supreme Court. The first, in 98 decision, Hopping v. State, which held that when a 3800 motion can be used for a double jeopardy when it's just looking at documents in the record where an evidentiary hearing is not needed, and second, more importantly... Or the sentence. Yes, the language in Hopping does refer to sentence, but then when you read Plot v. State, a 2014 case, it expressly, A, rejected that 3800 motions were for double jeopardy, but only for sentencing issues. And then Plot also stated that illegal, as that term is used in 3800A, means contrary to statute or the Constitution. So I would submit that, based upon the Florida Supreme Court's decision in Plot, 3800A is not just limited to a double jeopardy sentencing, but it can be brought, all double jeopardy challenges can be brought through a 3800A, but only when an evidentiary hearing is not needed. Then that'll lead me to my second question. What is Mr. Jones's claim here? We know that he litigated in the district court pro se, and we know that you were appointed to represent him on appeal, and we appreciate that. Is his claim that his successive sentences violate his double jeopardy rights, or that his two convictions violate his double jeopardy rights, or both? I say both. There is nothing, the way I read the pro se litigant's papers in his 3800 motion, filed before the state circuit court, the PCR court, and before the district court in his 2254 motion, he refers to the double jeopardy clause, both under the federal Constitution and the Florida Constitution. He does not draw a distinction between the distinction that you just made, Judge Jordan, and giving the pro se litigant the benefit of the doubt, which I believe this court should, and I believe the extant case law applies. I think that a fair reading of the moving papers below and in the record demonstrate that my client can bring both a double jeopardy challenge to the sentences and to the underlying convictions themselves. However, I'll be candid with the court. It appears to me that the Florida Supreme Court's case law and view under 3800 appears to be expanding over the course of time, and Judge Jordan, your question was not unanticipated, which is why in my reply brief I actually asked the court that should this court have any doubt regarding the scope of 3800 relief, that this court certify a question to the Florida Supreme Court. I think, well, I personally think it's clear, but should this court have any doubt, I think this case would be an appropriate one for the Florida Supreme Court to weigh in on, because then it would put to doubt whether 3800 is really just for legal sentences, or if it can go to the underlying conviction itself. I have a question, a factual question about the record. So, the order that's being appealed is the September order, is that right? The? September order. Well, I would submit that it is the order that's being appealed would be the order. I mean, it would have to be, right? Because the August one was not appealed, well, let me put it this way. The September order is the one that's at issue in the habeas claim, right? Because if the August one were at issue, there would be a problem because it was never appealed in the state system, right? Agreed, and that's the September 27th, 2012, which is found at record 37, exhibit 56. Okay, so that being the case, then my next concern is this. The September order, it seems to me, reaches its ruling on two alternative grounds. One is a substantive ground of, you know, sort of, I think, misconstruing the double jeopardy challenge as a sufficiency of the evidence challenge. But then the other one is, it says, and this is duplicative of what you said in your August, you know, that you said in your first motion that I ruled on in your August motion, and so it basically, in the alternative, it seems to me, kicks it out as being duplicative, and therefore not an appropriate basis on which to seek habeas. So I wanna ask you a couple of questions about that. First, do you agree or disagree that it does that as an alternative basis, and why? And second, assuming that it does that as an alternative basis, is that an adequate state grounds for, I mean, do we have to respect that as an adequate state grounds for upholding the state court's decision? Take it in a reverse, no, based upon plot and hopping. And so, as a result, the extant Florida Supreme Court case law, I would say, shows that that is not an adequate and independent state grounds. How does it show that, though? If the reason is, I already decided this, and, you know, you could have appealed it in August, you could have appealed my August order, but you didn't, and then we could have addressed the merits. But now I'm ruling the same thing that I ruled in August, but I'm also saying, hey, you already did this, so that's another reason why I'm kicking this out of here. Why is that not an adequate basis under state law to do so? Especially since then your client appealed to the Intermediate Court of Appeals in Florida, which then affirmed without opinion. So then we have to look through that and accept the trial court's reasoning for why it kicked it out. Thank you. Honestly, Judge Rosenbaum, I don't know. And I wish I hadn't answered that. I'm gonna have to scour the record and provide the court with an answer in a 28-J. Okay. It's not a problem. It's a very complicated record, and I wasn't even sure I was reading it right, which is why I bring the issue up. And so I could understand why that might not have been something that you anticipated. The one thing, from my experience in the state system, one thing I think is if this, yes, the September 27th, 2012 order that's found in the appendix does reference the August 23rd, 2012 order. If, and this is an assumption on my part, but if the case was over for the PCR court, the PCR court, based upon the August 23rd, should have denied any subsequent for lack of jurisdiction. If the case was over, it was over. It should have been. If it was over in August 23rd, it was over in August 23rd. And the time period to file a notice of appeal based on the August 23rd order, assuming that it was final, would have run. So the fact that you have a merits-based order in September, I think, this is just my recollection, in essence, starts the time again to take an appeal. So I don't think that if you want to piggyback upon the fact that there is a prior order, I don't think that that's dispositive of this case. I also submit that it was never argued by the state, nor has it ever been given as a grounds for, or a basis for the decision at the PCR level or at a state intermediate appellate level. But to that end, I'll have to review the record and provide a 28-J letter. Let me take you beyond your time, Mr. DiRusso, and ask you this question, because I want to ask Ms. Martin the same question when she gets up. What is the double jeopardy theory? Is the theory on the merits, if we were to reach it, that you apply Blockberger and its progeny, or that as a matter of proof, there was a double jeopardy violation, or a combination of the two? Again, and I know that Mr. Jones proceeded pro se in the district court, and so I'm trying to make sense, as Judge Rosenbaum was, of some procedural issue of the merits issue, and I want to get a handle on what you believe the double jeopardy theory is for his two convictions. Okay, so I think this is a much easier question to answer than the procedural one. It has to be multiplicity, because count one and count two are exactly the same. So I would submit that this court's consolidates, albeit a non-precedential opinion, where this court affirmed Judge Moreno, I think the multiplicity for the count two, that's gone. As to count one by itself, I think we have a duplicity argument based upon the language of the charging document and the verdict form, which didn't have any type of special interrogatory, where the charging document says on one or more occasions, and so as a result, we have a duplicity problem within count one, and under the Supreme Court case law, the U.S. Supreme Court case law, a count that is duplicitous should be vacated and remanded for a new trial. And I believe it's the Milanovich case that I signed my brief. So it is- Do you think both convictions go out the window? I think. I think both convictions have to go out the window, which is consistent with Gonzales, because Gonzales affirmed Judge Moreno, when Judge Moreno issued a writ in my reading of that case, was it wasn't that count two or count three, because those are the operative counts in Gonzales, that one of those two counts was gone and that the other one survived. This court affirmed both count two and count three being vacated in toto. There are other circuits that have done the opposite and said if there's a double jeopardy problem, either because of duplicity or multiplicity, first count stands. All the other counts go away because it's only the conviction on the later counts that creates the double jeopardy problem. You think those are not well reasoned? Well, I would say that in the context of this case, the court probably doesn't need to reach that because my client was maxed on each count. He was given 15 years on each count with a 15 year term of probation. I thought it was 15 years on one and 15 years of probation on the other. Maybe I'm wrong, but I thought it was, each count, he was maxed and they were concurrent with the statutory term of 15 years afterwards. But perhaps- Do you think each sentence, and you may be right, that each sentence was 15 in prison followed by 15 years of probation? Yeah, because of the sexual offender probation. But assuming for the sake of argument that I'm wrong, given that each of you all have sat at the trial level, I think we all know that the entirety of a case informs a trial judge's sentencing decision so that when you have multiple counts, each additional count then informs the sentencing court's decision. So it is, in my view, entirely plausible that a statutory maximum on the first count was informed, at least in part, by conviction on the second count. So I think it would be prudent to vacate, and at a minimum, assuming that Judge Jordan, that you're right, that the appropriate remedy is to vacate on count two and allow the conviction on count one to stand, is for then to have a resentencing on count one because the trial judge may have determined  And this is further compounded by the fact that under the Florida Rules of Criminal Procedure and the Florida Guidelines, each additional count is scored, and each additional count is scored somewhat similar to the federal sentencing guidelines, and that it jacks up your appropriate range. So as a result, of course, that informs a sentencing court's decision. So I would submit that even if this court were to not vacate on count one, it would have to, the writ would have to be provided at a minimum and then circumscribed to allow for resentencing before the trial judge to take in the fact that the second count was vacated. Do you think a trial judge needs a conviction as opposed to the activities underlying that conviction to reach the maximum sentence? I don't think he absolutely needs to, but I think that that would potentially inform. On remand, the trial judge could say, you know what, I'm still gonna give him the same amount based upon what I heard, but the trial judge could usually have said, well, you only have one count here. I don't think 15 years is appropriate. Maybe 12 years is appropriate. Maybe 10 years is appropriate. And in this case, given the amount of time that my client has already served, this is not an inconsequential amount of time. Every single day, it's a 2006 case from the state level, so we're already talking, he's been in for 12 years, so maybe if the judge were to give him 13 years, he might be getting out in the next year or future. Okay, Mr. Zuzo, thank you very much. You've saved your time for rebuttal. May it please the court, my name is Alba Martin, and I represent the state of Florida and the Department of Corrections in this case. I will address a few of the court's concerns regarding a 3800A motion, and I'll read exactly what the rule says. A court may at any time correct an illegal sentence imposed by it or an incorrect calculation. That's it, the sentence. In this case, the defendant is attacking his convictions and by the next part, his sentences, but it is truly an attack on his convictions. But if you read his 3800A motion in the post-conviction court, he attacks both separately. He talks about his convictions, and he talks about his sentences. Right, but the problem is that Florida courts have already construed that if there is a question about where a defendant is questioning both his sentence and his conviction, it does not fall under a 3800A. But the Florida Supreme Court says you can challenge a sentence. Yes, you can challenge your sentence, but in this case, you would have to look at factual determinations. If you're now looking at factual determinations to determine whether there was an issue with the facts or the charging document or the information, then you are now making a factual determination, and factual determinations. But factual determination has nothing to do with whether or not a challenge lies. It has to do with whether the state court properly denied this claim under this procedural rule. It does affect it. They didn't do it under that procedural rule. That's the problem. The state post-conviction court, instead of saying you cannot bring a double jeopardy challenge to a conviction under 3800A, it could have done that, and it probably would have been right to do that. It didn't do that. What it said was, I am converting your challenge, although you make a double jeopardy claim, I'm gonna construe it as a sufficiency claim. Yes. That's incorrect. Well, no, I disagree. You can't turn around someone's, he says double jeopardy, I think, on 80% of the pages of his pro se filing. Whether he's right or wrong on double jeopardy, that's the claim he's making, and the state post-conviction court is saying, I'm not really gonna consider a double jeopardy claim. I think you're really making a sufficiency claim. That's not a bar. Well, yes it is, because the factual determinations, the court is making a factual determination based on his pleadings, and based on his pleadings. But I'm telling you, it's wrong. How can it be right to have a litigant tell you, I am asserting claim X, and to tell you that in eight of the 10 pages you file, that's an approximation, and then have the court tell you, I know you're claiming X, but I think I'm gonna decide Y and Z instead. Well, because the trial court, because the post-conviction court found that, you don't just look at the fact that he said double jeopardy. He also claims that it's because there's a single victim, and he's asking the court to make a factual determination. The problem is, regardless of what else the district, regardless of what else the trial court addressed, it did not address his double jeopardy claim. That's the problem. No, because I believe the state court found an independent, adequate procedural bar. What's the bar? The bar is that he's making claims attacking his convictions. Because it redid the claim. But he is attacking his convictions. But show us where it says, in the opinion, that the reason that it's denying the claim is because he's making a claim attacking his conviction, and that's not allowed under this proceeding. Well, the court says the defendant couches his claim in the language of double jeopardy. A review of the motion indicates that he is actually claiming the state did not adequately prove multiple sexual episodes in the time frame alleged. Right, and where does that say, I'm denying the claim because this addresses his conviction instead of his sentence? Well, you have to, I would say you read into what the court is saying here. And that's the problem. He is attacking his convictions, because it's not just about the sentence, and that's what a 3800A. But it's addressing the, okay, there are two problems, right? One is that the court is actually addressing what it is construing as his attacks on the convictions without saying you can't attack convictions. The other problem is that what it's addressing isn't the claim that he's bringing. He's bringing a claim of double jeopardy, which is very different from a claim of sufficiency of the evidence. So I don't know if you can find in the opinion, which I could not, but if you can, it'd be helpful to me if you could show me A, where the court addresses double jeopardy. No, it doesn't. And then in that case, somewhere in that opinion where it says the reason we're not going to address any kind of attacks on the conviction is because that's not allowed under this procedure. Well, I would say that, again, you have to read into what the court is saying. It finds that he's raising. And the state court can look at what his pleading is and say. That's not a bar. That's a decision on the merits. That's not Florida law doesn't allow you to do this. Therefore, I'm not allowing you to do this. Well, I would disagree. I would say that the trial court, I mean, the post-conviction court's order does say that that is what he is attacking, his convictions, because the court says that it has to do with his allegations that there was a single victim, there was a single episode, which he claims in his motion to correct sentence, he says there's a single victim supported by only a single charge. And the presence of two identical charges cannot transform them into two alleged crimes. So his actual motion to correct, that's what he argues. He argues that there's only a single crime, so he should not, and that is a factual determination that the state court would have to make, so a 3800A does not apply. And I know you were asking about the successiveness of the order also. I will admit that that was not argued in later proceedings. It could be the reason for the state appellate court also denying relief. Well, if he didn't argue it, is it waived or is it something we can rely on? Is it something we must rely on since it's the state court that decided it that way regardless of what you are arguing? Well, we didn't argue it in these proceedings, obviously. So I cannot speak, the only thing I can say is that it was in the court's order, so it is also another state procedural issue that the trial court, that the post-conviction court obviously found was an issue and decided to put it in its order. I believe there was also a question about the, I think he had addressed the Gonzales case as support for why the counts here should be revised, I guess. First of all, the defendant was convicted of both counts and he was sentenced to 15 years in prison followed by 15 years probation. On both counts? No, it was 15 years on the first and then 15 years probation on the second is what the sentence was. I will also posit to the court that there were no claims below in the trial court or on appeal regarding the verdict form, regarding the information, regarding any issues at the trial court level with those documents. Let me ask you this question. One of the purposes of double jeopardy, there are various purposes, but one of them is to make sure that if the government chooses to prosecute you in the future, you can assert a claim that you've already been tried and either convicted or acquitted on that same charge. The victim in this case testified, not that there were one or two instances of sexual activity, but that there were many. Yes. For which ones was he convicted? Well, that's why the charging document says on one or more occasions and that's why the charging. Which ones was he convicted for? That's the way Florida courts have said you can charge these cases. That doesn't make it right or wrong. My question is, what was he convicted for? He was convicted for multiple counts of the. No, for two counts. Yes, but in. Based on which incidents?  So which one was he convicted for? And there's a date. So for count one, which event was he convicted of? That's the. For count two, which one was he convicted of? Why doesn't it matter? Why doesn't it matter? Because. If the state charges him again. Well. Hold on, hold on, hold on. I'm going to let you explain. If the state charges him now, statute of limitations has not run, they charge him again, same exact information, exact same wording, exact same victim. Can he plead a double jeopardy bar? At that time, yes, because. Why, how do you know that they're charging him with whatever event he was convicted of in count one and count two, and not one of the many other sexual events that occurred between him and the victim? Because in the information, there's a date. There's a date. No. There's a range date. Yeah, what's the range date? The range date is, I believe, six months, seven months. And the victim testifies that there were many events of sexual activity. So which ones was he convicted of? The date range covers that. So he can be convicted in the. What if they charge, what if he was convicted on count one with the very first event of sexual activity, he was convicted on count two on the very second event of sexual activity, and not convicted on the, quote unquote, many other events of sexual activity. And the state now says, oh, we're charging you with one of those many others. Well, at that point, he can make a challenge to the new charging document. How does he win? He did not make a claim in this case as to the original charging document or the verdict form. I'm not telling you that he wins in this case. I'm asking you how it is that someone can plead double jeopardy, correctly or incorrectly, in a scenario like this one. There are a couple of circuit court opinions, one from the Sixth Circuit years ago, even applying it at the deference, that says when you do that, when the state does something like that, then everything other than the first count goes out the window on double jeopardy claim. Because there is no way to tell whether or not someone was convicted of the same or a different event if the informations are worded exactly the same and there's a wide range of date. It's not like count one said, on January 3rd of 2005, you engage in sexual activity, and count two said, on April 5th, you engage in sexual activity. Then you would know. But these are very broad ranges. Yes, well, they're broad because they're children. And Florida courts have said that when it comes to a child victim, remembering dates, and if it's an ongoing sexual abuse, then it can be charged in this way. And I'll point to the court, it's the geyser. If they had charged him with. If they had charged him with. He could have been charged with 20 counts. And there would be no double jeopardy issue for you? No. Even though you would have no clue which count referred to which event? He actually benefits from the state charging him in only two counts. No, no, no. We also don't know whether, we also don't know what the jury agreed on. We don't know if the jury agreed, if every member of the jury agreed on the same event when they convicted him on each count.  No, we don't, but we do know what came out at trial. And we do know that there were multiple, he admitted to having sex with this child on multiple occasions. No, no, he did not. Yes. He admitted one. No, I respectfully disagree. Okay, tell me where in the record he admitted to two events. He admits when he's talking to her on the phone, he says, we did not have sex, because he was trying to avoid the fact, the date that he conceived the child with her. So he said, we did not have sex 36 days before, and we did not have sex 30 days after this time frame. So he says. That's what you construe as a concession to two. He says, we were not together, we did not have sex, so I can't be the father of this child, because that date rank, you're telling me that you conceived in December, and I'm telling you, we didn't have sex 30 days before, and we didn't have sex 30 days after. So he's admitting to prior sex with her, and after the date, and we know that the date of conception of the child is also in that date range. So, yes, he did. Denying having sex during a particular period, admits to having it other times? How does that happen? I'm sorry? Denying having sex in the month of December means that we must have had sex in November and January? He says, we weren't together. He says, we weren't together before this date, so I can't be the father of your child. And then we, it was 30 days later that we were together again, is what he says in the recording. And he admits, he also admits, that in what he says was a unconsensual, I guess, sexual encounter between the two, she's the one that jumped on him. No one's questioning his guilt on at least one of the counts, I think, because the evidence was overwhelming that he had engaged in sexual activity with this minor. The question is whether, as you hypothesize, the state could have charged him with 25 counts with identically worded indictments or informations, with identically worded six-month ranges, without a jury telling us on which event each count was based. Right, I mean, that's the problem with these types of long-term sex abuse cases that involve children. I mean, the courts have said that you can include a date range, because, and you can do multiple counts in one count. As long as the jury tells you what it figured out, so you can figure out what bars. Well, he never objected to the verdict form. He never objected to, and if the court would please look at the jury instructions, the trial court was very clear in telling the jury that each count was a separate count and that they needed to look at the evidence for each count separately. Do you remember what the prosecution argued to the jury in closing argument was the basis for each count of the indictment? There's a lot of the record. I believe that they gave the date range, and I believe that they discussed each time she said it occurred, and of course, each time their opinion was that they said it occurred, and the fact that they also had DNA evidence that the child was his and was conceived at a certain point in the date range also. Okay. All right, thank you very much. Thank you. Your Honor, one thing. Assuming for sake of argument that opposing counsel is correct, and it's not to say that I doubt her veracity, if the second count is the probationary term, then that also qualifies as punishment. So assuming for sake of argument that we just get rid of count two, my client would serve the full 15 years, and then he wouldn't have a term of probation, which I think as we all know, terms of probation are restrained upon your liberty, and many criminal defendants end up violating the terms of their probation and then serving new time, be it the state level or the federal level on supervision. What do we do, Mr. DiRusso? And I know it's not your doing, but you get the question anyways. Sure. What do we do about the fact that there appears to not have been a request for a unanimity instruction or a special verdict form for the jury, and now, well after the fact, we're trying to reconstruct what the jury may or may not have found to see whether or not there are any double jeopardy concerns? Because had the jury been given a special interrogatory and a blank one that said, tell us the date for which you are finding him guilty of count one, and they had said, you know, May 3rd, and then the same thing for count two, and they had said, you know, September 15th, you'd at least know, whether that was right or wrong, you'd at least know what the jury decided. But we really have no idea. And unfortunately, that's exactly the point. We have no idea, and sitting here today, it'd be rank speculation. We don't know if the jury agreed, one person agreed on the first date, the second person agreed on the second date, the third person agreed on the third date, they all couldn't agree on one particular date, but they agreed, well yeah, there must have been enough going on in this six month, this nine month period, that he must have been guilty for something. And, you know, that is a real problem, which is why we need special interrogatories. And I would submit that, unfortunately, you know, we're left to clean up this mess, but the mess is, at least in some part, the creation of the state court, and the excellent state, the case law, Blockberger, Hylby Brown, you know, North Carolina Pierce, I mean, this is case law that's been out there for a very long time. So this is not something new, this is something that a state court should be aware of, and should, not only under the federal constitution, but the Florida constitution, be aware of these double jeopardy implications here. And it's unfortunate, but, you know, that's why we have habeas relief. And that's not to say that the state can't try my client again. The counts would be vacated, and my understanding is that all the time will be told for statute of limitations purposes while this is going on. So if they wanted to try him again, they could try him again, and I would expect that, in all likelihood, like most cases, most cases are resolved by some type of plea, and given the amount of time that my client has already served, you know, a very, you know, a rational decision would probably be to enter a plea, and given he's already done over a decade. But, unfortunately, you know, that's the way the cookie crumbles, and I understand your problem, Judge Jordan, but that's just the way it is. Seeing no additional questions from the panel, I ask this court to vacate the decision of the district court with instructions to issue the writ, and require that the state try my client anew, or within a reasonable amount of time, or release him from custody. Thank you very much. Judge DeRuzo, again, we acknowledge that you were court appointed for Mr. Jones, and we thank you for your good work. My pleasure, Judge.